UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| IRVING CONCRETE OF OHIO, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BOND SAFEGUARD INSURANCE CO., and )<br>AMERICAN CONTRACTING SERVICES, )<br>INC., )<br>)<br>Defendants. ) | CAUSE NO. 1:12-CV-292 |

## OPINION AND ORDER

This case was removed to this Court from the Allen Superior Court by Defendants based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Docket # 3.) Although the Notice of Removal alleges the citizenship of both Defendants (*see* Notice of Removal ¶¶ 4-5), it fails to make any allegations concerning the citizenship of the Plaintiff, Irving Concrete of Ohio, Inc.

According to the Complaint, Irving Concrete is an Indiana corporation with offices located in both Indiana and Ohio. (Compl. ¶ 1). But, for the purposes of diversity jurisdiction, corporations "are deemed to be citizens of the state in which they are incorporated *and* of the state in which they have their *principal place of business*." *N. Trust Co. v. Bunge Corp.*, 899 F.2d 591, 594 (7th Cir. 1990) (emphasis added); *see* 28 U.S.C. § 1332(c)(1). The term "principal place of business" refers to the corporation's "nerve center"—the place where a corporation's officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). Thus, the Court must be apprised of both facts—the state of incorporation and the state in which the principal place of business is located—with respect to

1

Irving Concrete.

Additionally, if Irving Concrete has its principal place of business in Ohio, rather than Indiana, making it a citizen of both Indiana and Ohio, then diversity jurisdiction does not exist because one of the Defendants, American Contracting Services, Inc., is also an Ohio citizen (*see* Notice of Removal ¶ 5 (alleging that American Contracting Services is "a corporation incorporated in Ohio with its principal place of business in Cincinnati, Ohio")). *See* 28 U.S.C. § 1332(a); *Travelers Prop. Cas. v. Good*, __ F.3d __, 2012 WL 3059297, at *2 (7th Cir. July 27, 2012) (noting that to invoke the diversity jurisdiction of the federal courts, a party must establish *complete* diversity of citizenship).

Therefore, Defendants are ORDERED to supplement the record by filing an Amended Notice of Removal on or before September 12, 2012, alleging the citizenship of Plaintiff Irving Concrete of Ohio, Inc., including both the state of its incorporation and the state in which it has its principal place of business.

SO ORDERED.

Enter for this 29th day of August, 2012.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge